IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TUNG TAI GROUP, | NO. 5:11-cv-02389 EJD (HRL) |
| Plaintiff(s),<br>v. | **ORDER GRANTING STIPULATION TO TRANSFER VENUE** |
| FLORIDA TRANSFORMER, INC., | [Docket Item No. 25] |
| Defendant(s). | |

This order addresses the parties' Stipulation to transfer venue (See Docket Item No. 25, "Stipulation"). Specifically, Plaintiff Tung Tai Group ("Plaintiff") and Defendant Florida Transformer, Inc. ("Defendant") request an order transferring this action from this court to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1404(a). The court determined based on the nature of the joint request that specific findings and explanation were necessary. See White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3rd Cir. 1999).

As explained below, the Stipulation will be granted as modified by the ensuing order. Since that outcome effectively brings to an end this court's involvement in this action, Defendant's currently pending motions will be terminated and the scheduled hearings vacated.[1]

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, a Florida corporation, is engaged in the purchase and sales of scrap metals. See Not. of Removal, Docket Item No. 1, Ex. 1, at ¶ 2. On or about November 10, 2010, Plaintiff and

---

[1] This disposition is not intended for publication in the official reports.

1
NO. 5:11-cv-02389 EJD (HRL)
ORDER GRANTING STIPULATION TO TRANSFER VENUE (EJDLC1)

1  Defendant entered into two written Purchase Orders pursuant to which Plaintiffs would purchase 35
2  containers of assorted metal items from Defendant. Id. at ¶ 4. Plaintiff received and paid for 18 of
3  the 35 containers. Id. at ¶ 5. Plaintiff alleges that Defendant has refused to provide the remaining
4  17 containers. Id.

5  On April 4, 2011, Plaintiff filed a Complaint against Defendant in Santa Clara County
6  Superior Court for breach of contract and conversion based on the allegations stated above. See
7  Not. of Removal, Ex. 1. Defendant removed the action to this court on May 16, 2011. See Not. of
8  Removal. Thereafter, Defendant filed two motions: (1) a motion to dismiss the action for lack of
9  personal jurisdiction, arguing Defendant has insufficient contacts with California; and (2) a motion
10 to dismiss for improper venue pursuant to 28 U.S.C. § 1406, or in the alternative, to transfer the
11 action to the United States District Court for the Northern District of Florida. See Docket Item Nos.
12 19, 20. Plaintiff did not formally oppose Defendant's motion. Instead, Plaintiff filed a response
13 indicating it would agree to Defendant's request that this action be transferred to Florida. See
14 Docket Item No. 23. The parties then submitted the instant Stipulation, which the court now
15 considers.

## II.   DISCUSSION

17 According to the Stipulation, the parties request an order transferring venue pursuant to 28
18 U.S.C. § 1404(a). Venue of an action may be changed pursuant to that section "[f]or the
19 convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The court
20 undertakes an "individualized, case-by-case consideration of convenience and fairness" when
21 considering such a request. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)
22 (internal quotations and citations omitted). Three elements must be established: (1) that venue is
23 proper in the transferor district; (2) that the transferee district is one where the action might have
24 been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and
25 will promote the interests of justice. See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,
26 820 F. Supp. 503, 506 (C.D. Cal. 1992). Under the third element, the court must consider and weigh
27 a series of factors which may include: (1) the plaintiff''s choice of forum; (2) the convenience of the
28

2
NO. 5:11-cv-02389 EJD (HRL)
ORDER GRANTING STIPULATION TO TRANSFER VENUE (EJDLC1)

*United States District Court*
*For the Northern District of California*

parties; (3) the convenience of the witnesses; (4) the ease of access to evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative congestion and time to trial in each forum. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

As noted previously herein, the court must evaluate the appropriate factors even though the parties now stipulate to the transfer. See White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3rd Cir. 1999) (holding invalid an inter-district transfer pursuant to 28 U.S.C. § 1404(a) when the district court merely approved a stipulation without undertaking the requisite balancing). Here, the information relevant to such an evaluation arises primarily from Defendant's motion to transfer and the Stipulation itself since Plaintiff did not file a substantive opposition. These documents are sufficient to make the required determinations. Thus, the court finds that venue would be proper in this district or in the Northern District of Florida because (1) the Northern District of California is the district court embracing the state court from which this action was removed (28 U.S.C. § 1441(a)); and (2) this action could have been brought in the Northern District of Florida because Defendant is subject to personal jurisdiction in Florida and a substantial part of the events giving rise to Plaintiff's claims occurred there. 28 U.S.C. § 1391(a),(b); see Decl. of Ronald T. Shaw ("Shaw Decl."), Docket Item No. 21, at ¶¶ 3-6, 22, 23.

In addition, the court finds that transferring this action to the Northern District of Florida will serve the convenience of the parties and witnesses and promote the interests of justice because (1) the vast majority of witnesses, documents and other evidence relevant to this matter are located in Florida (Shaw Decl., at ¶¶ 8, 22, 23); (2) Defendant and its associated witnesses will experience serious inconvenience and substantial cost to litigate this action in California, a state with little connection to the series of events underlying Plaintiff's claims (Shaw Decl., at ¶¶ 4, 5, 12, 20, 22-25); (3) in comparison to that of California, Florida's interest in the resolution of this action is much stronger because the alleged contract took place in that state (Shaw Decl., at ¶¶ 22, 23); and (4) the parties have stipulated to the transfer. These factors outweigh Plaintiff's interest in retaining its choice of forum - an interest which is particularly weak here - which appears to be the only factor

3
NO. 5:11-cv-02389 EJD (HRL)
ORDER GRANTING STIPULATION TO TRANSFER VENUE (EJDLC1)

favoring venue in this district. See The Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (explaining that plaintiff's choice of venue carries reduced significance when the chosen venue lacks a significant connection to the action).

Since the requisite elements favor a Florida forum, the court finds that transfer of venue to the Northern District of Florida is appropriate. Accordingly, the court grants the Stipulation as stated in the order which follows.[2]

### III. ORDER

Based on the discussion above and for good cause shown, the parties' Stipulation to transfer venue (Docket Item No. 25) is GRANTED. The court hereby TRANSFERS this action to the United States District Court for the Northern District of Florida. The Clerk for the Northern District of Florida may assign this matter to the proper division pursuant to that district's local rules of court.

In light of this decision, Defendant's pending motions (Docket Item Nos. 19, 20) are TERMINATED. The hearing and Case Management Conference scheduled for August 12, 2011, are VACATED. The Clerk of this court shall close this file upon completion of the transfer.

**IT IS SO ORDERED.**

Dated: August 8, 2011

EDWARD J. DAVILA
United States District Judge

---

[2] In the Stipulation, the parties identified the Pensacola Division as appropriate for assignment of this action. While that does appear to be the correct division pursuant to Rule 3.1 of the Northern District of Florida's Local Rules, this court leaves it to the Clerk of that court to assign this action within the district.

4
NO. 5:11-cv-02389 EJD (HRL)
ORDER GRANTING STIPULATION TO TRANSFER VENUE (EJDLC1)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gretchen Elizabeth Birkheimer gbirkheimer@mffmlaw.com
Dean Arthur Dickie Dickie@MillerCanfield.com
George Leo Hampton , IV ghampton@hamptonholley.com
Colin Christopher Holley cholley@hamptonholley.com
Cara M Houck houck@millercanfield.com
William Siamas wsiamas@mffmlaw.com

**Dated: August 8, 2011**                              **Richard W. Wieking, Clerk**

                                                       **By:   /s/ EJD Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

5

NO. 5:11-cv-02389 EJD (HRL)
ORDER GRANTING STIPULATION TO TRANSFER VENUE (EJDLC1)